**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
GUSTAVIA HOME, LLC,

                          Plaintiff,

              - against -

JUANA VIELMAN A/K/A JUANA V. VIELMAN;          **REPORT AND**
BUCKS FINANCIAL V, LLC; COMMISSIONER           **RECOMMENDATION**
OF SOCIAL SERVICES OF SUFFOLK COUNTY;          16-2370 (ADS) (AKT)
TOWN SUPERVISOR TOWN OF ISLIP; NASSAU
COUNTY EDUCATORS FEDERAL CREDIT
UNION; CLERK OF THE SUFFOLK COUNTY
DISTRICT COURT; and JOHN DOE "1" through "12",
said persons or parties having or claimed to have a right,
title or interest in the Mortgaged premises herein, their
respective names are presently unknown to the Plaintiff,

                          Defendants.
-------------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

I.    PRELIMINARY STATEMENT

      Plaintiff Gustavia Home, LLC ("Plaintiff" or "Gustavia Home") commenced this action

pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq*. against

Juana Vielman a/k/a Juana V. Vielman ("the Mortgagor Defendant") to foreclose on a mortgage

encumbering 7 Par Lane South, Brentwood, New York 11717 (District: 0500, Section: 073.00,

Block: 1.00, Lot: 084.00) ("the Property"). *See generally* Complaint ("Compl.") [DE 1].

Pursuant to Fed. R. Civ. P. 55(a), the Clerk of the Court issued Certificates of Default against the

Mortgagor Defendant as well as Defendants Bucks Financial V, LLC, the Commissioner of

Social Services of Suffolk County, the Town Supervisor of the Town of Islip, Nassau County

Educators Federal Credit Union, and the Clerk of the Suffolk County District Court (collectively,

with Mortgagor Defendant, "Defendants"), in light of their failure to answer or otherwise

respond with respect to the Complaint.  DE 17, 20.  On December 8, 2016, Plaintiff filed a motion seeking an Order granting a default Judgment of Foreclosure and Sale against the Defendants pursuant to Fed. R. Civ. P. 55(b).  DE 21.

Judge Spatt referred Plaintiff's Motion for Default Judgment to this Court "for a recommendation as to whether the motion for a default judgment should be granted, and if so, the relief to be granted."  DE 22.  For the reasons which follow, the Court respectfully recommends to Judge Spatt that Gustavia Home's motion be GRANTED, in part, and DEFERRED, in part.

II.    BACKGROUND

A.    Factual Background

The following facts are taken from the Complaint and are assumed to be true for purposes of this motion.  Gustavia Home, LLC is a Florida Limited Liability Company with its principal place of business in Fort Lauderdale, Florida.  Compl. ¶ 2.  The Complaint asserts, upon information and belief, that the Mortgagor Defendant is a citizen of New York who resides at 7 Par Lane South, Brentwood, New York 11717.  *Id*. ¶ 3.  The Mortgagor Defendant is the borrower on the subject loan and is the Mortgagor under the subject mortgage.  *Id*.  Bucks Financial V, LLC, the Commissioner of Social Services of Suffolk County, the Town Supervisor of the Town of Islip, Nassau County Educators Federal Credit Union, and the Clerk of the Suffolk County District Court are all entities within the State of New York and are, upon information and belief, citizens of the State of New York.  *Id*. ¶¶ 4-8.  These Defendants have been made necessary parties to this action by virtue of certain liens and judgments of record against the Property.  *Id*.  Upon information and belief, John Does No. 1 through No. 12 "are persons, parties, corporations or other entities, if any who are presently unknown to Plaintiff,

holding or claiming to hold certain leaseholds, tenancies, sub-tenancies, possessory or other interests, including partnership interests, in and to any judgment or liens upon the Subject Property." *Id*. ¶ 9. According to Plaintiff, any interest of the Defendants in the property, "accrued subsequent to, and is subject and subordinate to, the lien of [the instant] Mortgage." *Id*. ¶ 10.

On September 8, 2016, the Mortgagor Defendant executed a mortgage for the premises at 7 Par Lane South, Brentwood, New York 11717 ("the Mortgage"). *Id*. ¶ 13; Mortgage, annexed as Exhibit B to the Compl. [DE 1-2]. The Mortgage was made to Mortgage Electronic Registration Systems, Inc., as nominee for Mortgage Lenders Network USA, Inc., to secure the sum of $74,000.00 and interest. *Id*. The Mortgage was recorded in Liber: M00021397, page: 072, in the Office of the County Clerk for the County of Suffolk on October 10, 2006. *Id*. On September 8, 2006, [the Mortgagor Defendant] also executed and delivered a certain note to Mortgage Lenders Network USA, Inc., in the amount of $74,000.00." Note, annexed as Exhibit C. to the Compl. [DE 1-3].

"Subsequently the Mortgage was assigned and on September 16, 2014, memorialized by written Assignment to Mortgage to Ocwen Loan Servicing, LLC." *Id*. ¶ 15. The assignment was recorded in the Office of the Clerk of Suffolk County in Liber: M00022549, page 878. *Id*. "Simultaneously, the Note was also transferred to Ocwen and a proper allonge was affixed thereto." *Id*. On September 16, 2014, the mortgage was assigned to Bucks Financial V, LLC. *Id*. ¶ 16. The assignment was recorded on December 16, 2014 in the Office of the Clerk of Suffolk County in Liber: M00022549, page 879. *Id*. "Simultaneously, the Note was also transferred and a proper allonge was affixed thereto." *Id*. On October 9, 2015, the mortgage was assigned to Plaintiff. *Id*. ¶ 17. The assignment was recorded on December 31, 2015 in the

Office of the Clerk of Suffolk County in Liber: M00022664 Page: 447.  *Id.* ¶ 17.

"Simultaneously, the Note was also transferred and a proper allonge was affixed thereto."  *Id.*

      According to Plaintiff, the Mortgagor Defendant "has failed to comply with the terms and provisions of the subject Mortgage and the Note, by failing to make the Monthly Payments due on the first (1st) day of July, 2007 and the default continues to date."  *Id.* ¶ 20.  Plaintiff has complied with the "contractual provisions in the loan documents" by issuing a notice to cure on January 29, 2016 advising the Mortgage Defendant that if the default is not cured within 30 days, then Plaintiff may declare that the outstanding principal balance and accrued interest are immediately due and payable.  *Id.* ¶ 21.  Plaintiff alleges that it also issued the requisite 90-day notice under RPAPL Section 1304(1) on January 29, 2016.  *Id.* ¶ 22.  Plaintiff has provided copies of these notices as well as a copy of the envelope in which they were sent to Plaintiff.  *See* Compl., Ex. B. [DE 1-5].  The notices were sent via certified mail on January 29, 2016 but were returned to Plaintiff and marked "Return to Sender," "Unclaimed," and "Unable to Forward."  *Id.* According to Plaintiff, the Mortgagor Defendant has failed to respond to the aforementioned notices.  *Id.* ¶ 24.

      Plaintiff further alleges that it "has complied with the registration requirements of RPAPL §1306(1)."  *Id.*  In support of its assertion, Plaintiff attached a copy of the "Proof of Filing Statement" issued by the New York State Department of Financial Services confirming receipt of Plaintiff's Section 1306 filing.  *See* Compl., Ex. E [DE 1-5].  The Complaint further asserts that "[p]ursuant to RPAPL §1302 as amended, the plaintiff has complied with all the provisions of § 595a and § 6-1 of the Banking Law and RPAPL §1304, except where it is exempt from doing so."  *Id.* ¶ 23.

According to Plaintiff, due to the default, the Mortgagor Defendant is indebted to

Plaintiff for the following:

    a. The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges which sum as of January 29, 2016, amounts to $81,894.54;

    b. Attorney's fees and other costs and disbursements, payable to GUSTAVIA HOME, LLC under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

    c. Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

*Id*. ¶ 25.

Plaintiff requests that should this action proceed to foreclosure and sale, the Property be

sold subject to:

    a. Any state of facts that an inspection of the premises would disclose.

    b. Any state of facts that an accurate survey of the premises would show.

    c. Covenants, restrictions, easements and public utility agreements of record, if any.

    d. Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

    e. Any right of tenants or person in possession of the subject premises.

    f. Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

    g. Prior lien(s) of record, if any.

*Id*. ¶ 26.

Plaintiff confirms that "[n]o other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof." *Id*. ¶ 29.

### B.    Relevant Procedural History

Gustavia Home commenced the instant action on May 11, 2016 and thereafter served the Defendants with copies of the Summons and Complaint. *See* DE 7-9, 12-14. In light of Defendants' failure to timely answer or otherwise defend this action, Gustavia Home requested that certificates of default be entered by the Clerk's Office. *See* DE 16, 19. The Clerk of the Court entered certificates of default on August 3, 2016 against the Clerk of the Suffolk County District Court, Commissioner of Social Services of Suffolk County, Nassau County Educators Federal Credit Union, Town Supervisor Town of Islip, and Juana Vielman. *Id*. 17. Likewise, a certificate of default was entered against Bucks Financial V, LLC on December 7, 2016. DE 20.

Gustavia Home filed the instant motion for default judgment on December 8, 2016. DE 21. Judge Spatt referred the motion to this Court "for a recommendation as to whether the motion for a default judgment should be granted, and if so, the relief to be granted." DE 22. On June 16, 2017, this Court issued an Order directing Gustavia Home to provide certain additional documentation and information in support of its pending motion. DE 23. On June 19, 2017, Gustavia Home filed a Notice of Voluntary Dismissal with respect to Bucks Financial V, LLC only. DE 24. By Order dated June 20, 2017, Judge Spatt rejected the Notice of Voluntary Dismissal since it failed to comply with Rule II(C) of his Individual Rules. DE 26. Gustavia filed its supplemental submission in response to this Court's June 16 Order on July 19, 2017. DE 29.

### III.    LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a judgment against a defaulting party.  *See Priestley v. Headminder, Inc.*, 647 F.3d 497, 504–05 (2d Cir. 2011); *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).  First, a plaintiff must obtain a notation of default indicating that a party has "failed to plead or otherwise defend."  Fed. R. Civ. 55(a).  Second, upon obtaining a notation of default, "a plaintiff must next seek a judgment by default under Rule 55(b)."  *New York*, 420 F.3d at 104.  The decision to grant a motion for default judgment is left to the sound discretion of the district court.  *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contrs. Inc.*, 699 F.3d 230, 233 (2d Cir. 2012) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 88 (2d Cir. 2009)) ("Rule 55(b) commits this decision to the sound discretion of the district court."); *Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993)) ("The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties.") (internal quotation marks omitted).

"Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability."  *Philip Morris USA Inc. v. 5 Bros. Grocery Corp.*, No. 13-2451, 2014 WL 3887515, at *2 (E.D.N.Y. Aug. 5, 2014) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Montcalm Publ'g Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y.1992)); *Krevat v. Burgers to Go, Inc.*, No. 13-6258, 2014 WL 4638844, at *5 (E.D.N.Y. Sept. 16, 2014) (citing *Joe Hand*

*Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007)) ("A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true."). A default judgment entered on the well-pleaded allegations in the complaint establishes a defendant's liability. *See Deckers Outdoor Corp. v. TKM Forest Hills, LLC*, No. 12-5986, 2014 WL 4536715, at *4 (E.D.N.Y. Sept. 11, 2014) (citing *Greyhound ExhibitGroup. Inc.*, 973 F.2d at 158).

However, "just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *Profi-Parkiet Sp. Zoo v. Seneca Hardwoods LLC*, No. 13-4358, 2014 WL 2169769, at *3 (E.D.N.Y. May 23, 2014) (quoting *Mktg. Devs., Ltd. v. Genesis Imp. & Exp., Inc.*, No. 08-3168, 2009 WL 4929419, at *6 (E.D.N.Y. Oct. 6, 2009)) (internal quotation marks omitted), *report and recommendation adopted by* 2014 WL 2765793 (E.D.N.Y. Jun. 18, 2014)); *Bravado Int'l Grp. Merchandising Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 186 (E.D.N.Y. 2009) (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y.1993)). Rather, "it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (collecting cases); *see Said v. SBS Elecs., Inc.*, No. 08-3067, 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010) (The fact that a complaint remains unanswered will not suffice to establish liability on the plaintiff's claims since "a default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading."), *adopted as modified on unrelated grounds*, 2010 WL 1287080 (E.D.N.Y. Mar. 31, 2010).

"As the Second Circuit has noted, when determining whether to grant a default judgment, the Court is guided by the same factors which apply to a motion to set aside entry of a default." *Krevat*, 2014 WL 4638844, at *5 (citing *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170–71 (2d Cir. 2001); *Enron Oil Corp.*, 10 F.3d at 96).   "These factors are: (1) 'whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment.'"   *Id.* (quoting *Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor Mgmt. Cooperation, Pension and Welfare Funds v. Flooring Experts, Inc.*, No. 12-6317, 2013 WL 4042357, at *2 (E.D.N.Y. Aug. 8, 2013), *report and recommendation adopted*, 2013 WL 4761151 (E.D.N.Y. Sept. 3, 2013)); *see, e.g.*, *Reliance Commc'ns LLC v. Retail Store Ventures, Inc.*, No. 12-02067, 2013 WL 4039378, at *2 (E.D.N.Y. Aug. 7, 2013) (quoting *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003)) (citing *O'Callahan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007); *U.S. v. DiPaolo*, 466 F. Supp. 2d 476, 482 (S.D.N.Y. 2006)).

## IV.  DISCUSSION

### A.  Default Judgment Against the Mortgagor Defendants

#### i.  *Willfulness*

When a defendant is continually and "entirely unresponsive," the defendant's failure to respond is considered willful.  *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, No. 06-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008) (citing *Mason Tenders Dist. Council*, 2003 WL 1960584, at *2).  Under the present facts, the Mortgagor Defendant's failure to respond to the Complaint sufficiently demonstrates willfulness.  *See Indymac Bank v. Nat'l Settlement Agency, Inc.*, No. 07-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007).  As stated above,

Gustavia Home has submitted an Affidavit of Service demonstrating that the Mortgagor Defendant was duly served with the Summons and Complaint.  DE 9.  The Mortgagor Defendant neither answered nor responded in any way to the Complaint, nor did she request an extension of time to respond, and the time to do so has expired.  In addition, Gustavia Home provided the Court with an Affidavit of Service indicating that the Mortgagor Defendant was served by first class mail with the Motion for Default Judgment.  DE 21-6.  There is no indication that the Mortgagor Defendant's failure to respond to the Complaint was anything but deliberate.  The Mortgagor Defendant's failure to answer the Complaint and to respond to the instant motion demonstrates willfulness in accordance with Second Circuit case law.  *See S.E.C. v. McNulty*, 137 F.3d 732, 738-39 (2d Cir. 1998); *see also Indymac Bank*, 2007 WL 4468652, at *1; *U.S. v. DiPaolo*, 466 F. Supp. 2d 476, 482 (S.D.N.Y. 2006).  Consequently, Gustavia Home has established the first factor for entry of default judgment by demonstrating willfulness.

### ii.    *Meritorious Defense*

The Court is unable to make a determination whether the Mortgagor Defendant has a meritorious defense since no such defense has been presented to the Court.  *See Bridge Oil Ltd.*, 2008 WL 5560868, at *2 (citing *Mason Tenders Dist. Council*, 2003 WL 1960584, at *2); *Empire State Carpenters Welfare v. Darken Architectural Wood*, No. 11-46, 2012 WL 194075, at *3 (E.D.N.Y. Jan. 17, 2012), *report and recommendation adopted*, 2012 WL 832452 (E.D.N.Y. March 12, 2012).  Although the Mortgagor Defendant's default constitutes an admission of all the factual allegations contained in the Complaint as they relate to liability, Gustavia Homes must nevertheless demonstrate that the uncontested allegations set forth valid claims.  *See Said*, 2010 WL 1265186, at *2 (collecting cases).

In order to demonstrate entitlement to a foreclosure, a plaintiff must demonstrate the following elements: "the existence of an obligation secured by a mortgage, and a default on that obligation." *Gustavia Home, LLC v. Saagber*, No. 16 CV 2099, 2017 WL 2684266, at *3 (E.D.N.Y. June 2, 2017) (quoting *OneWest Bank, N.A. v. Hawkins*, No. 14-cv-4656, 2015 WL 5706945, at *5 (E.D.N.Y. Sept. 2, 2015)), *report and recommendation adopted*, 2017 WL 2684026 (E.D.N.Y. June 21, 2017); *Eastern Sav. Bank, FSB v. Beach*, No. 13-CV-341, 2014 WL 923151, at *5 (E.D.N.Y. Mar. 10, 2014) (quoting *1st Bridge LLC v. 682 Jamaica Avenue, LLC*, No. 08-CV-3401, 2010 WL 4608326, at *3 (E.D.N.Y. July 13, 2010)) (citing *77 Charters, Inc. v. SYC Realty LLC*, No. 10 Civ. 1681, 2012 WL 1077706, at * 13 (E.D.N.Y. Feb. 27, 2012), report and recommendation adopted, 2012 WL 1078466 (E.D.N.Y. Mar. 30, 2012); *BH99 Realty LLC v. Qian Wen Li*, No. 10 Civ. 693, 2011 WL 1841530, at *4 (E.D.N.Y. Mar. 16, 2011), *report and recommended adopted*, 2011 WL 1838568)); *accord United States v. Leap*, No. CV 11-4822, 2014 WL 1377505, at *2 (E.D.N.Y. Feb. 18, 2014) (citing *U.S. Bank, N.A. v. Squadron VCD, LLC*, 2011 WL 4582484 (S.D.N.Y. Oct. 3, 2011), *aff'd* 504 Fed. Appx. 30 (2d Cir. Dec. 4, 2012); *Builders Bank v. Beach, 116–23 LLC*, No. 09-2220, 2011 WL 2672567 (E.D.N.Y. April 15, 2011)) ("In the usual course, once a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor."), *report and recommendation adopted*, No. 11 CV 4822, 2014 WL 1383139 (E.D.N.Y. Apr. 8, 2014). "If these elements are established, the mortgagee has a 'presumptive right to collect, which can only be overcome by an affirmative showing by the defendant.'" *FirstStorm Partners 2 LLC v. Vassel*, No. 10-CV-2356, 2012 WL 1886942, at *3 (E.D.N.Y. Mar. 8, 2012) (quoting *U.S. v. Freidus*, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991)).

On a motion for default, the Court must look to the governing instruments, *i.e.*, the Note and Mortgage, to determine whether the requisite elements of a claim for mortgage foreclosure have been adequately set forth.  *See RCB Equities #3, LLC v. Alma Building, LLC*, No. Civ. 1004, 2012 WL 832263, at *3 (E.D.N.Y. Feb. 22, 2012) (finding that plaintiff had sufficiently pled a claim for mortgage foreclosure under New York Law in a default judgment setting), *report and recommendation adopted as modified*, 2012 WL 832286; *1st Bridge LLC*, 2010 WL 4608326, at *3 (quoting *United States v. Fugle*, No. 00–CV–0540, 2003 WL 251948, at *2 (W.D.N.Y. Jan. 25, 2003)) (citing *RTC v. J.I. Sopher & Co*. ., No. 94 Civ. 7189, 1995 WL 489697, at *2 (S.D.N.Y. Aug.15, 1995); *Freidus*, 769 F. Supp. at 1277) (explaining elements of a mortgage foreclosure claim in a default judgment damages inquest).

Here, Gustavia Home alleges that on September 8, 2006 the Mortgagor Defendant executed a mortgage to "Mortgage Electronic Registration Systems Inc., as nominee for Mortgage Lenders Network USA, Inc., to secure the sum of $74,000 and interest, recorded in Liber: M00021397 Page: 072 in the Office of the County Clerk for the County of Suffolk on October 10, 2006."  Compl. ¶ 13; Compl., Ex. B (Mortgage).  The Mortgage covered 7 Par Lane South, Brentwood, New York 11717.  *Id.*  The $74,000 Mortgage instrument includes, among other information:  (1) the location and description of the Property at 7 Par Lane South, Brentwood, NY 11717; (2) the Mortgagor Defendant's signature, duly notarized; (3) the borrower's rights and responsibilities under the instrument; and (4) the endorsement and recording by the Suffolk County Clerk's Office.  *See* Compl., Ex. B (Mortgage).  Simultaneously, the Mortgagor Defendant "executed and delivered a certain note to Mortgage Lenders Network USA, Inc., in the amount of $74,000."  Compl. ¶ 14.  The Note provides that "a Mortgage, dated September 8, 2016, protects the Note Holder from possible losses which

might result if I do not keep the promises which I make in this Note."  Compl., Ex. C (Note).
These records reflect that the Mortgage Defendant undertook a mortgage for the subject Property
which was secured by the Note.

According to the Complaint, "the Mortgage was assigned and on September 16, 2014,
memorialized by written Assignment to Mortgage to Ocwen Loan Servicing, LLC."  Compl.
¶ 15.  Mortgage Lenders Network USA endorsed the Note to Emax Financial Group.  *Id*., Ex. C.
(Note) at 6.  Subsequently, Emax Financial Group endorsed the Note to Residential Funding
Company, LLC.  *See id*. at 7.  The Court notes that the text of the Complaint makes no reference
to Emax or Residential Funding Company, LLC.

The Mortgage was later assigned via written Assignment from Mortgage Lenders
Network USA, Inc. to Ocwen Loan Servicing, LLC on September 16, 2014.  *Id*. ¶ 15; 9/16/2014
Assignment, annexed in Exhibit D to the Compl., at 4-5.  The assignment was recorded on
December 16, 2014 in the Office of the Clerk of Suffolk County in Liber: M00022549, page:
878.  *Id*. ¶ 15; Public Record of Assignment, annexed in Exhibit C to the Compl., at 2-6.  The
Note itself was also transferred and an allonge memorializing that transfer was affixed to the
Note.  *Id*. ¶ 15; Compl., Ex. C (Note) at 8.

On the same day that the mortgage was assigned to Ocwen, Ocwen assigned the
mortgage to Bucks Financial V LLC via written assignment and such assignment was recorded
on December 16, 2014 in the Office of the Clerk of Suffolk County in Liber: M00022549, page:
879.  Compl. ¶ 16; 9/16/2014 Assignment to Bucks Financial V LLC, annexed in Ex. D to the
Compl., at 7-8.  The Note was also transferred and an allonge memorializing the transfer was
affixed to the Note.  Compl. ¶ 16; Note, Ex. C, Compl., at 8.  The Mortgage was subsequently
assigned via written assignment to Gustavia Home on October 9, 2015, and such assignment was

recorded on December 31, 2015 in the Office of the Clerk of Suffolk County in Liber: M00022664, page: 447.  Compl. ¶ 17; 10/9/2015 Assignment, annexed in Exhibit D to the Compl., at 11-12.  Simultaneously, the Note was also transferred to Gustavia Home and an allonge memorializing that transfer was affixed to the Note.  Compl. ¶ 17; Note, Compl., Ex. C., at 9.  Collectively, the above documents adequately demonstrate that Gustavia Home is the current holder of the subject Mortgage and Note and thus has standing to enforce the same.  *See In re Cornerstone Homes, Inc*., 544 B.R. 492, 505 (Bank. Ct. W.D.N.Y.).

As set forth in the Complaint, the Mortgagor Defendant is alleged to have failed to make payments in accordance with the terms of the Note and Mortgage. Compl. ¶ 20.  Specifically, the Note provides, in pertinent part, as follows:

> 3. Payments
>
> I will pay principal and interest by making payments each month of U.S. $772.59. I will make my payments on the 1st day of each month beginning on November 1, 2006. I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this note.
>
> 4. Borrower's Failure to Pay as Required
>
> (C) Default
>
> If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.
>
> Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

Note, Ex. C., Compl., at 2.  The Mortgage states, in relevant part, as follows:

> 20. Lender's Rights if Borrower Fails to Keep Promises and Agreements
>
> If all the conditions stateed in subparagraphs (A), (B), and (C) of this Paragraph 20 are satisfied, Lender may require that I pay immediately the entire amount then remaining unpaid under the Note and under this Mortgage. Lender may do this without making any further demand for payment. This requirement will be called "Immediate Payment in Full."
>
> If Lender requires Immediate Payment in Full, Lender may bring a lawsuit to take away all of my remaining right in the Property and to have the Property sold. At this sale Lender or any other person may acquire the Property. This is known as "foreclosure and sale." If the proceeds of this sale are insufficient to repay Lender the amounts due to Lender from me under the Note and under this Mortgage, Lender may obtain a court judgment against me personally for the difference between all amounts due from me under the Note and this Mortgage and the sale proceeds. In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs and expenses of the foreclosure and sale allowed by law.

Mortgage, Ex. B., Compl., at 9.

According to the Complaint, the Mortgagor Defendant failed to make the payments due on July 1, 2007 and defaulted on the remaining payments thereafter. *Id.* As such, and in accordance with the terms of the Note and Mortgage, Gustavia Home has accelerated the payments and declared due the entire amount on the Note and secured by the Mortgage, including interest. *Id.* ¶ 25; *see* Mortgage, Ex. B., Compl., at 9, Section 20; *see also* Note, Ex. C., Compl., at 2, Section 4(c). Gustavia Home notified the Mortgagor Defendant of her default, possible immediate acceleration of the unpaid balance under the Note, and possible foreclosure proceedings in accordance with relevant New York law. Compl. ¶¶ 21-22 ("Plaintiff has complied with the contractual provisions in the loan documents in that a 30-day notice to cure was issued on January 29, 2016… advising of possible acceleration of the loan…by virtue of her continuing default….The 90-day notice provided by RPAPL §1304(1)…was also issued on

January 29, 2016 in accordance with the statute.  Plaintiff has complied with the registration

requirements of RPAPL §1306(1).”); *see also id*. ¶ 23 (“Pursuant to RPAPL §1302 as amended,

the plaintiff has complied with all the provisions of §595a and §6-1 of the Banking Law and

RPAPL §1304, except where it is exempt from doing so.”); January 29, 2016 Default Letters, Ex.

E., Compl., at 5-12; Proof of Filing Statement, Ex. E., Compl., at 2.  Accordingly, Gustavia

Home has successfully made out a cause of action for foreclosure and is therefore entitled to a

default judgment against the Mortgage Defendant.

### iii.    Prejudice

The last factor for the Court to consider is whether the plaintiff would be prejudiced if the

motion for default judgment were to be denied.  Denying this motion would be prejudicial to

Gustavia Home as “there are no additional steps available to secure relief in this Court.”  *Bridge*

*Oil Ltd.*, 2008 WL 5560868, at *2 (citing *Mason Tenders*, 2003 WL 1960584, at *3).  If a default

judgment is not granted, the Plaintiff will have no alternative legal redress to recover the losses it

has sustained.  Since all three factors necessary to establish a default have been satisfied, the

Court respectfully recommends to Judge Spatt that default judgment be entered against the

Mortgage Defendant.

**B.    Default Against Bucks Financial V LLC, Commissioner of Social Services of
Suffolk County, Town Supervisor of the Town of Islip, Nassau County
Educators Federal Credit Union, Clerk of the Court Suffolk County District
Court**

Gustavia Home named Bucks Financial V, LLC, the Commissioner of Social Services of

Suffolk County, the Town Supervisor of the Town of Islip, Nassau County Educators Federal

Credit Union, the Clerk of the Suffolk County District Court as co-defendants and “necessary

part[ies]” to this action by virtue of “certain liens and judgments of record against the Property.”

Compl. ¶¶ 5-8.  Moreover, Plaintiff alleges that these Defendants’ interests are “subject and

subordinate" to Plaintiff's interest in the Property. *Id*. ¶ 10. In response to the Court's request for supplemental information, Plaintiff provided a copy of a Bond and Mortgage made by Mortgagor Defendant to the Commissioner of the Suffolk County Department of Social Services. Supplemental Affirmation in Support of Default Judgment of Foreclosure and Sale ("Supp. Aff.") [DE 29], Ex. D. The instrument provides that Mortgagor Defendant is indebted to the Commissioner in the sum of $200,000. *Id*. It is signed by the Defendant Mortgagor and duly notarized, and contains a description of the subject Property. *Id*. The instrument was recorded in the Suffolk County Clerk's Office on August 21, 2008. *Id*. Plaintiff further provided the Court with five separate judgment reports issued by the Suffolk County Clerk's Office. *Id*. Two judgments were entered against the Mortgagor Defendant and in favor of the Town Supervisor of the Town of Islip — each in the amount of $500. *Id*. The first judgment was perfected on September 23, 2014, and the second, on May 26, 2015. *Id*. A judgment was entered against the Mortgagor Defendant and in the favor of the Nassau Educators Federal Credit Union in the amount of $2,508.00. *Id*. The judgment was perfected on November 10, 2008. *Id*. Two judgments were entered in favor of the Clerk of the Suffolk County District Court, each in the amount of $105. *Id*. These judgments were perfected on November 26, 2014. *Id*.

Section § 1331 of RPAPL provides that the necessary parties to a mortgage foreclosure action include: "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." RPAPL § 1311(3). This rule "derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale." *N.C. Venture I, L.P. v. Complete Analysis, Inc.*, 22 A.D.3d 540, 542–43, 803 N.Y.S.2d 95 (2d Dep't 2005) (quoting *Polish Nat'l Alliance v. White Eagle*

*Hall Co.*, 98 A.D.2d 400, 470 N.Y.S.2d 642, 646 (2d Dep't 1983)) (internal quotation marks omitted).

"Courts regularly enter default judgments in foreclosure actions against defendants with 'nominal interests' in the relevant property, including parties holding subordinate liens or non-owner tenants," or holders of subordinate mortgages. *E. Sav. Bank, FSB v. Robinson*, No. 13-CV-7308, 2016 WL 3365091, at *4 (E.D.N.Y. May 9, 2016) (collecting cases), *report and recommendation adopted sub nom. E. Sav. Bank, v. Robinson*, 2016 WL 3102021 (E.D.N.Y. June 2, 2016); *E. Sav. Bank, FSB v. Strez*, No. 11-CV-1543, 2013 WL 6834806, at *6 (E.D.N.Y. Dec. 20, 2013) (entering default judgment against the "holder of a subordinate lien on the premises" who failed to respond to the complaint); *Christiana Bank & Trust Co. v. Dalton*, No. 6-3206, 2009 WL 4016507, at *5 (holding that judgments against the defendants were subordinate to a mortgage lien); *accord UFP Atl. Div., LLC v. Route 299 Retail Ctr., LLC*, No. 12-CV-00053, 2013 WL 1122442, at *2 (N.D.N.Y. Mar. 18, 2013) (granting default judgment against the defendant holder of "a mortgage on the property at issue that is subordinate to Plaintiff's" and stating that the defendant's "failure to respond to the amended complaint constitutes a concession to this well-pleaded allegation of liability"). "When a default judgment is entered against a defendant with a 'nominal interest' in a property, any such interest in the relevant property is terminated." *Robinson*, 2016 WL 3365091, at *4 (citing *E. Sav. Bank, FSB v. Bright*, No. 11-CV-1721, 2013 WL 3282889, at *2 (E.D.N.Y. June 27, 2013); *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012)).

Here, Gustavia Home has adequately demonstrated that the Commissioner of Social Services of Suffolk County, the Town Supervisor of the Town of Islip, Nassau County Educators Federal Credit Union, and the Clerk of the Suffolk County District Court, have or may claim an

interest in the Property by virtue of the certain liens or judgments against the Property. These

defendants were properly served with the Summons and Complaint in this action, but failed to

answer or otherwise respond, resulting in the entry of default. *See* DE 7-9, 12-13. As such,

Plaintiff's allegations of liability against these defendants are deemed conceded. *See*

*Greyhound.*, 973 F.2d at 158 (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974);

Fed.R.Civ.P. 8(d)). Because Plaintiff's well-pleaded allegations establish that any liens or other

interests that these defendants may have against the Property are subordinate to the Mortgage,

Plaintiff has established the nominal liability of these defendants. *See, e.g., Beach*, 2014 WL

923151, at *8; *Christiana Bank*, 2009 WL 4016507, at *5.

     With regard to Bucks Financial V, LLC, when considering solely the allegations set forth

within the Complaint, the Court finds that Plaintiff, too, has adequately alleged that this entity is

a necessary party pursuant to Section § 1331 of RPAPL. In this regard, Plaintiff claims that

Bucks Financial V, LLC "has been named as necessary party defendant by virtue of certain liens

and judgments of record against the Property." Compl. ¶ 4. Moreover, Plaintiff alleges that the

interest of Bucks Financial V, LLC is "subject and subordinate" to its interest in the Property.

*Id.* ¶ 10.

     However, the Court wishes to bring to Judge Spatt's attention the fact that the

documentation provided by Plaintiff in response to the Court's June 16, 2017 Order, does not

include any evidence that Bucks Financial has either a lien on or judgment against the subject

Property. Moreover, Plaintiff previously filed a Notice of Voluntary Dismissal with respect to

Bucks Financial on June 20, 2017. DE 24. The notice provided that Plaintiff was dismissing the

action as to Bucks Financial since it is not a necessary party pursuant to RPAPL Section 1311.

*Id.* That notice, however, was rejected by Judge Spatt on the grounds that it did not comply with Rule 11(C) of Judge Spatt's Rules. DE 26.

### C.    Default Against John Doe No. 1 through No. 12

Courts in this district have reasoned that the use of "Doe" does not sufficiently identify a defendant. *Epps v. City of Schenectady*, No. 1:10-CV-1101, 2013 WL 717915., at *4 (N.D.N.Y. Feb. 27, 2013) (quoting *Coward v. Town and Vill. of Harrison*, 665 F. Supp. 2d 281, 300–302 (S.D.N.Y. 2009)). "Where a plaintiff 'has had ample time to identify' a John Doe defendant, [ ... ] the plaintiff 'simply cannot continue to maintain a suit against' the John Doe defendant." *Id.* (quoting same) (internal quotation marks omitted).

To date, Gustavia Home has failed to identify the John Doe Defendants. Moreover, there is no proof in the docket that the John Doe Defendants were served with a copy of the Summons and Complaint, and Plaintiff never requested the issuance of a Certificate of Default with respect to these defendants. *See* DE 16, 17. Further, in response to the Court's June 16, 2017 Order, Gustavia Home provided "copies of the liens and judgments against the property, which are subordinate to Plaintiff's lien." *See* DE 29. According to that documentation, the liens and judgments are held by the Commissioner of the Suffolk County Department of Social Services, the Town Supervisor of the Town of Islip, Nassau County Educators Federal Credit Union and the Clerk of the Suffolk County District Court. *See id.*, Ex. D. The Court finds that Plaintiff has had ample time to learn the identities of the John Doe Defendants since this action was commenced on May 11, 2016 — more than 13 months ago. Moreover, the 90-day period for service under Rule 4(m) has long expired.

In light of the foregoing factors, the Court respectfully recommends to Judge Spatt that the John Doe Defendants be dismissed from this case. Alternatively, the Court recommends that

20

Plaintiff be directed to show good cause for its failure to timely serve the John Doe Defendants. *See Animas v. Balcon Quiteno Inc.*, No. 14 CV 3763, 2016 WL 1271478, at *2 (E.D.N.Y. Mar. 30, 2016) (citing *Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002)) (In connection with the plaintiffs' motion for default judgment, the court directed the plaintiff to show cause why they failed to timely serve the John Doe Defendants.); *Asfaw v. BBQ Chicken Don Alex No. 1 Corp.*, No. 14 CV 5665, 2016 WL 1276417, at *4 (E.D.N.Y. Mar. 30, 2016) (citing *Thompson*, 309 F.3d at 110) (same); *see Gustavia Home, LLC v. Ledesma* ("*Ledesma*"), No. 16 CV 2117, 2017 WL 1501485, at *4 (E.D.N.Y. Feb. 14, 2017) (The Magistrate Judge made no recommendation as to the John Doe Defendants since Gustavia Home "ha[d] not made clear how it intends to proceed against them."), *report and recommendation adopted sub nom. Gusativa Home, LLC v. Ledesma*, No. 16 CV 2117, 2017 WL 1497947 (E.D.N.Y. Apr. 26, 2017). The Court is hard-pressed to imagine Plaintiff is in a position to seek leave to substitute named parties in for the John Doe Defendants. As a third alternative, Plaintiff "may seek voluntary dismissal of the John Doe [D]efendants." *Animas*, 2016 WL 1271478, at *2.

### D.     Damages and Requested Relief

Although a party's default is viewed as "a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158 (citing *Flaks*, 504 F.2d at 707; Fed. R. Civ. P. 8(d)). Therefore, once a party's default as to liability is established, a plaintiff still must prove damages. *See Cement and Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. and Training Fund and Other Funds v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citing Fed. R. Civ. P. 55(b)(2); *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)); *see also Gutman v. Klein*, No. 03-1570, 2010 WL 4975593, at *1 (E.D.N.Y. Aug. 19, 2010)

(quoting *Flaks*, 504 F.2d at 707) ("'While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.'"), *report and recommendation adopted*, 2010 WL 4916722 (E.D.N.Y. 2010), *aff'd*, 515 Fed. Appx. 8 (2d Cir. 2013).  The only question remaining, then, is whether Gustavia Home has provided adequate support for the damages sought.  *See Gutman*, 2010 WL 4975593, at *1 (citing *Bravado Int'l Group Merch. Servs.*, 655 F. Supp. 2d at 189; *Greyhound*, 973 F.2d at 158) ("burden is on the plaintiff to establish entitlement to damages") (internal quotation marks omitted).

In support of its motion, Plaintiff has submitted the Affidavit of Jared Dotoli, the sole member of Gustavia Home.  Affidavit of Statement of Damages ("Dotoli Aff."), annexed as Exhibit C [DE 21-5] to Declaration of Regularity in Support of Default Judgment of Foreclosure and Sale [DE 21-1].  Mr. Dotoli explained that the original amount of the Mortgage was $74,000 and the interest rate as set forth in the Note is 12.200%.  *Id.* ¶ 5.  The interest remained at 12.200% at the time of default and continues to remain fixed at 12.200%.  *Id.*  According to Dotoli "[t]his loan is due for the payment due on July 1, 2007" and as of November 18, 2016, the outstanding principal balance was $73,832.07.  *Id.* ¶¶ 5-6.  Mr. Doloti further sets forth the following calculation of the interest owed:

> As of November 18, 2016, the past due interest owed on the Loan is $85,368.12.  The calculation of interest is as follows: the daily rate of interest at 12.200% is $24.68.  There are 3459 days from the interest due date of June 1, 2007 through November 18, 2016.  The amount of interest is therefore calculated by multiplying $24.68 by 3459 days, which totals $85,368.12.

*Id.* ¶ 7.

In response to the Court's June 16, 2017 Order, Gustavia Home provided supplemental documentation of the Mortgageor Defendant's payment history in the form of a Mortgage Loan

Amortization Schedule.  *See* Mortgage Loan Amortization Schedule ("Amortization Schedule") annexed as Exhibit C [DE 29-1] to Supp. Aff.  The Amortization Schedule contains the following columns:  payment number, date of payment, beginning balance, scheduled payment, additional payment, interest, principal, and balance.  *Id*.  The cell in the "balance" column corresponding with July 1, 2007, the date for which payment on this loan is due, lists a balance of $73,636.47.  *Id*.

### i.    *Outstanding Principal Balance*

According to Dotoli's Affidavit, Gustavia Home seeks to recover principal in the amount of $73,832.07.  Dotoli Aff. ¶ 6.  Plaintiff's Mortgage Loan Amortization Schedule, however, sets forth a principal balance of $73,636.47.  Amortization Schedule, Ex. C., Supp. Aff.  There is no explanation of the discrepancy in Plaintiff's papers.  The Court is thus unable to determine whether the source of this discrepancy was merely an inadvertent mistake or was the assessment of certain late fees or other charges.  In light of the Note and the supporting documentation submitted by Gustavia Home, the Court respectfully recommends to Judge Spatt that Gustavia Home be awarded the total principal due and owing in the sum of $73,636.47.  *See Bright*, 2013 WL 3282889, at *2 (holding that "[s]ince it is undisputed that the outstanding principal balance is $209,634.55 and that amount is substantiated by the transaction history submitted, I recommend awarding that amount.").

### ii.    *Interest*

Gustavia Home also seeks interest in the amount of $85,368.12.  Dotoli Aff. ¶ 7.  Under the Note's provisions, the Mortgagor Defendants agreed to pay interest "at a yearly rate of 12.2000%."  Compl., Ex. C., (Note) § 2.  Dotoli calculated the interest owed as of November 18, 2016 in the following manner: "the daily rate of interest at 12.200% is $24.68.  There are 3459

days from the interest due date of June 1, 2007 through November 18, 2016. The amount of interest is therefore calculated by multiplying $24.68 by 3459 days, which totals $85,368.12." The Court conducted an independent calculation to ensure the accuracy of the amount of interest requested. Based on the Note's 12.2% annual interest rate and the outstanding principal balance of $73,636.47, interest accrues at a rate of $24.6127379178 per day (($73,636.47 x .122)/365). There are 3459 days between June 1, 2007 and November 18, 2016, including November 18. The Court is using June 1, 2007 as the start date, instead of July 1, 2017, the date of default, to account for any interest that accrued during that month. Based on the foregoing, $85,135.4604577 in interest has accrued since June 1, 2007 ($24.6127379178 x 3459).

Based on the Note and the supporting documentation submitted by Gustavia Home, the Court respectfully recommends to Judge Spatt that Plaintiff be awarded $85,135.46 in interest up to November 18, 2016 and $24.61 in interest per day thereafter. *See Strez*, 2013 WL 6834806, at *3 (awarding plaintiff interest based on the note and accrued interest schedule in a mortgage foreclosure action); *see also Bright*, 2013 WL 3282889, at *3 (awarding plaintiff per diem interest until the entry of judgment in a mortgage foreclosure action).

### iii. Foreclosure and Sale of the Property

A plaintiff is entitled to foreclose on a property if it demonstrates "'the existence of an obligation secured by a mortgage, and a default on that obligation.'" *1st Bridge LLC*, 2010 WL 4608326, at *3 (quoting *United States v. Fugle*, No. 00–CV–0540, 2003 WL 251948, at *2 (W.D.N.Y. Jan. 25, 2003)) (citing *RTC*, 1995 WL 489697, at *2; *Freidus*, 769 F. Supp. at 1277); accord *BH99 Realty*, 2011 WL 1841530, at *4. Here, Gustavia Home has produced copies of the agreements establishing the Mortgage on the Property as well as evidence that the Mortgagor

Defendants defaulted on their obligations with respect to the underlying debt by failing to make the required monthly payments beginning in July 2007.

The Court therefore respectfully recommends to Judge Spatt that the Property be foreclosed and sold, with the proceeds to be applied to the amount owed on the Note, which, according to the Mortgage, are obligations secured by the Property.  Plaintiff requests "that the Court appoint a Referee to sell the mortgage premises."  Weinreb Decl. at 3.  The Court recommends to Judge Spatt that this request be granted.

## V.    CONCLUSION

Based upon the foregoing information, the Court respectfully recommends to Judge Spatt that Gustavia Home's motion seeking default judgment of foreclosure and sale be GRANTED in accordance with this Report and Recommendation.  Further, it is recommended that Gustavia Home be awarded:  (1) Principal in the amount of $73,636.47, and (2) accrued interest of $85,135.46 through November 18, 2016 and, (3) $24.61 in interest per diem thereafter until entry of judgment.  The Court further recommends that that the Property be foreclosed and sold, with the proceeds to be applied to the amount owed on the Note.

## VI.    OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6(a) and (e).  Such objections shall be filed with the Clerk of the Court via ECF.  A courtesy copy of any objections filed is to be sent to the chambers of the Honorable Arthur D. Spatt, and to the chambers of the undersigned.  Any requests for an extension of time for filing objections must be directed to Judge Spatt prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections will result in a waiver

of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *see also Johnson v. Woods*, 426 F. App'x 10, 11 (2d Cir. 2011) (citing *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003)); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996) (citing *McCarthy v. Manson*, 714 F.2d 234, 237 n.2 (2d Cir. 1983)).

**Counsel for Gustavia Home is directed to serve a copy of this Report and Recommendation on Defendants forthwith by overnight mail and first-class mail and to file proof of such service on ECF**.

SO ORDERED.

Dated: Central Islip, New York
       August 25, 2017

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge