```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
GUSTAVIA HOME, LLC,

                    Plaintiff,

     -against-                                                                    Order
                                                                                  16-cv-2370 (ADS)(AKT)
JUANA VIELMAN a/k/a JUANA V. VIELMAN; BUCKS
FINANCIAL V, LLC; COMMISSIONER OF SOCIAL SERVICES
OF SUFFOLK COUNTY; TOWN SUPERVISOR TOWN OF ISLIP;
NASSAU COUNTY EDUCATORS FEDERAL CREDIT UNION;
CLERK OF THE SUFFOLK COUNTY DISTRICT COURT; and
JOHN DOE "1" through "12", said persons or parties having or
claimed to have a right, title or interest in the Mortgaged premises
herein, their respective names are presently unknown to the
Plaintiff,

                    Defendants.
-------------------------------------------------------------------------------x
```

## APPEARANCES:

**The Margolin and Weinreb Law Group, LLP**
*Attorneys for the Plaintiff*
165 Eileen Way, Suite 101
Syosset, NY 11791
    By:   Alan H. Weinreb, Esq.
           Janet N. Esagoff, Esq., Of Counsel

**Suffolk County Attorney's Office**
*Attorneys for the Suffolk County Social Services Commissioner*
400 Carleton Avenue, 5th Floor
Central Islip, NY 11722
        By:   Karin A. Bohrer, Assistant County Attorney

## NO APPEARANCES:

**Juana Vielman a/k/a Juana V. Vielman**
*Defendant*

**Bucks Financial V, LLC**
*Defendant*

**Town of Islip Town Supervisor**
*Defendant*

**Nassau County Educators Federal Credit Union**
*Defendant*

**Clerk of the Suffolk County District Court**
*Defendant*

**SPATT, District Judge:**

On May 11, 2016, the Plaintiff Gustavia Home, LLC (the "Plaintiff") commenced this diversity mortgage foreclosure action under Article 13 of the New York Real Property Actions and Proceedings Law, seeking to foreclose its security interest in a parcel of real property owned by the Defendant Juana Vielman a/k/a Juana V. Vielman ("Vielman"), located at 7 Par Lane South in Brentwood, New York (the "Premises").

In addition to Vielman, the complaint named as Defendants Bucks Financial V, LLC; the Suffolk County Social Services Commissioner; the Town of Islip Town Supervisor; the Nassau County Educators Federal Credit Union; the Clerk of the Suffolk County District Court; and twelve "John Doe" Defendants, whose identities are unknown to the Plaintiff, but who are believed to be individuals and entities with a potential interest in the property. By this action, the Plaintiff seeks a declaratory judgment establishing these parties' respective rights and obligations in and to the Premises.

On July 26, 2016, the Social Services Commissioner entered a limited appearance by counsel and waived service of all papers in this action, except for an eventual judgment of foreclosure and sale and other enumerated documents. However, the Commissioner did not answer or otherwise respond to the complaint.

On August 3, 2016 and December 7, 2016, the Clerk of Court noted the defaults of the remaining Defendants.

On December 8, 2016, the Plaintiff moved for a default judgment, which motion the Court referred to United States Magistrate Judge A. Kathleen Tomlinson for a recommendation on the issues of liability and damages.

On August 25, 2017, Judge Tomlinson issued a report and recommendation ("R&R"), recommending that the Plaintiff's motion for a default judgment be granted. In particular, Judge Tomlinson recommended that a judgment of foreclosure and sale be entered in favor of the Plaintiff reflecting the amounts validly due and owing under the note secured by the subject mortgage, namely, $73,636.47 in principal; $85,135.46 in accrued interest through November 18, 2016; and continuing *per diem* interest of $24.61 per day until the date judgment is entered.

On August 28, 2017, the Plaintiff filed proof of service on the Defendants. More than fourteen days have elapsed, and none of the Defendants has filed an objection to the R&R or otherwise appeared in this action

Therefore, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result.

Accordingly, the August 25, 2017 Report and Recommendation is adopted in its entirety, and the Plaintiff's motion for a default judgment is granted. The Plaintiff is directed to submit a proposed judgment of foreclosure and sale consistent with this Order on or before September 22, 2017.

It is **SO ORDERED:**

Dated: Central Islip, New York
September 14, 2017

/s/ *Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge